```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEXANDER BROWN                 :      CIVIL ACTION
                                :
        v.                      :
                                :
CITY OF PHILADELPHIA, et al.    :      NO. 07-4971
```

**M E M O R A N D U M**

**BUCKWALTER, J.**                                    APRIL      , 2008

Plaintiff, a Philadelphia County prisoner, is seeking to bring a civil action against numerous public officials and institutions without prepayment of fees, alleging violations of his constitutional rights arising from arrests by Philadelphia and SEPTA police officers, and detention in the Philadelphia Prison System.

Plaintiff has filed a motion to proceed in forma pauperis, an original complaint, two amended complaints, and several motions in this case.  Before the Court at this time is plaintiff's motion to proceed in forma pauperis.

Congress has restricted a prisoner's right to proceed in forma pauperis.  Pursuant to section 804(d) of the Prison Litigation Reform Act of 1995, Public Law No. 104-134, 110 Stat. 1321, which amends 28 U.S.C. § 1915:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

1

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

>   28 U.S.C. § 1915(g).

Plaintiff is prevented from filing this civil action in forma pauperis because he has on three or more prior occasions while incarcerated filed civil rights actions in this Court which were dismissed as frivolous.[1] Because plaintiff has "three strikes," he may not proceed in forma pauperis unless the statutory exception, i.e., that he was "under imminent danger of serious physical injury," applies to this case. Further, the Third Circuit Court of appeals has held that for the statutory exception to apply, plaintiff must have been under imminent danger at the time he sought to file his suit in district court. Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001), cert. denied, 533 U.S. 953 (2001). Plaintiff, an experienced pro se litigator, asserts that he is entitled to the statutory exception to the "three strikes" rule.

Plaintiff states that he was housed in a quarantine unit of the Curran-Fromhold Correctional Facility for three months after he began his present confinement on November 8, 2007. Plaintiff does not allege that he suffered physical abuse

---

1. Civil Action No. 01-5902 was dismissed on March 7, 2002; Civil Action No. 01-5901 was dismissed on April 8, 2002; Civil Action No. 98-1059 was dismissed on April 6, 1008; and Civil Action No. 97-6900 was dismissed on December 23, 1997.

while he was in quarantine, claiming only that: (1) inmates were paid by prison employees to slip threatening notes, feces and urine under his cell door; (2) a correctional officer threatened him with bodily harm; (3) his food was "tampered with by inmates and officers;" and (4) he was denied treatment for physical injuries he suffered prior to his present period of confinement.

Although plaintiff claims that he was traumatized by the experience, his placement in the quarantine unit appears to have effectively shielded him from "serious physical injury" at the time he sought to file this suit in forma pauperis.[2] Plaintiff does not claim that the alleged tampering with his food caused him any physical harm, and his apprehension of danger while he was quarantined does not amount to the type of "serious physical injury" that is required to invoke the statutory exception to the three strikes rule.

Likewise, plaintiff's assertion that he was denied proper medical treatment while he was quarantined does not suggest "imminent danger of serious physical injury."  It is standard practice for new prisoners to be medically evaluated at the time of intake.  Plaintiff does not allege that the prison failed to evaluate his physical condition; he merely alleges that the medical staff declined to provide the type of treatment he wants for pre-existing injuries.  However, plaintiff is not entitled to determine the type of medical treatment he is

---

2.  Plaintiff was housed in the quarantine unit from November 8, 2007 until February 8, 2008.  He filed this civil action on November 27, 2007.

provided while incarcerated, nor does the prison's alleged failure to provide the type of treatment preferred by plaintiff suggest that he was in "imminent danger."[3]

Based on the foregoing, the Court concludes that plaintiff was not in "imminent danger of serious physical injury" when he sought to bring this civil action in this Court in forma pauperis.  Thus, the statutory exception to the "three strikes" rule is not applicable to this case, and plaintiff's motion to proceed in forma pauperis will be denied.

An appropriate order follows.

---

3.  The Court afforded plaintiff the opportunity to submit medical records, copies of grievances or other documents to support his claim that he was in "imminent danger" at the time he filed this civil action.  In response, plaintiff provided a more detailed statement of his "imminent danger" claim, however, he failed to provide any documentary evidence that he was in "imminent danger" at or near the time he filed this civil action.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALEXANDER BROWN                  :         CIVIL ACTION
                                 :
        v.                       :
                                 :
CITY OF PHILADELPHIA, et al.     :         NO. 07-4971
```

**O R D E R**

**AND NOW**, this          day of April, 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that:

(1)  Plaintiff's motion for leave to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915(g);

(2)  Plaintiff's pending motions (docket items 9, 11, 12, 13, 14, 15 and 16) are **DENIED** as moot; and

(3)  The Clerk of Court shall **CLOSE** this case statistically.

                              **BY THE COURT:**


                              /S/ RONALD L. BUCKWALTER, J.